UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS 2004 JUL 12  P 5: 27

| | |
|---|---|
| TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, individually and on behalf of itself and the general public,<br><br>    Plaintiff,<br><br>    v.<br><br>PFIZER INC. and PARKE-DAVIS, a division of Warner-Lambert Company,<br><br>    Defendants. | Civil Action No. 04-10984-PBS |

## UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO CLASS ACTION COMPLAINT

Defendants, Pfizer Inc and Parke-Davis, a division of Warner-Lambert Company (together, "Pfizer"), hereby move, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, and with the assent of Plaintiff, for an enlargement of the time within which Pfizer must answer, move, or otherwise respond to the Class Action Complaint to the date 60 days after the Judicial Panel on Multidistrict Litigation's ruling on pending motions pursuant to 28 U.S.C. § 1407 to consolidate and transfer the numerous actions arising out of the marketing of the drug Neurontin. The grounds for this motion are as follows.

1.    This action is one of, at last count, 23 actions in 15 federal districts that all arise out of the marketing of Neurontin.

2.    Several motions to consolidate and transfer the 23 actions pursuant to 28 U.S.C. § 1407 have been filed with the Judicial Panel on Multidistrict Litigation ("JPMDL"), which has

entitled the proceedings In re Neurontin Marketing and Sales Litigation, MDL Docket No. 1629.

3.    It seems likely that the JPMDL will grant one of the motions. Most of the plaintiffs have gone on record as supporting consolidation and transfer.

4.    In view of the likelihood that this action will be consolidated with the other 22 and perhaps transferred, it would be a pointless and wasteful exercise for Pfizer to respond to the Class Action Complaint.

5.    Indeed, were Pfizer required to respond, it would move to dismiss, which would embroil the Court in an action that probably will be consolidated with many others, probably will look very different a few months from now, and may be elsewhere, at least for the foreseeable future. An enlargement, therefore, would conserve judicial and party resources and avoid the possibility of conflicting decisions.

6.    Plaintiff does not oppose this motion.

WHEREFORE, Pfizer respectfully requests that the Court enlarge the time within which Pfizer must answer, move, or otherwise respond to the Class Action Complaint to the date 60 days after the JPMDL's ruling.

Dated: July 12, 2004

PFIZER INC and PARKE-DAVIS,
a division of Warner-Lambert Company,

By their attorneys,

David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

2

Of Counsel:

James P. Rouhandeh
James E. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served by mail on counsel of record for Plaintiff this 12th day of July 2004.

David B. Chaffin

354006.0708